UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEXTER CARL JONES,

                Plaintiff,

v.

WILLIAM C. MARIETTI,

                Defendant.

_____/

Case No. 1:22-cv-831

Honorable Sally J. Berens

## OPINION

This is a civil rights action brought by a state prisoner seeking relief from an employee of a governmental entity. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendant is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. He is serving five concurrent sentences, including a sentence of life imprisonment without the possibility of parole for first-degree murder. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=603497 (last visited Sept. 20, 2022). Plaintiff's complaint relates to a present criminal prosecution in the Muskegon County Circuit Court. *People v. Jones*, No. 2021-

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

0000001222-FH (Muskegon Cnty. Cir. Ct.). Plaintiff is charged with assault of a prison employee. *Id*. (Case Details), available at https://micourt.courts.michigan.gov/case-search/court/C14 (search Year "2021," Number "0000001222," Type "FH," select Case ID "2021-0000001222-FH, last visited Sept. 20, 2022). Plaintiff sues Muskegon County Circuit Court Judge William C. Marietti, who is presiding over that criminal prosecution.

Plaintiff's complaint is not a model of clarity. He appears to be vexed by his appointed counsel's failure to pursue a "speedy trial" claim. (Compl., ECF No. 1, PageID.3.) Plaintiff further objects to the court's refusal to permit Plaintiff to fire his counsel because he would not pursue the "speedy trial" claim. (*Id*.) And Plaintiff asserts the trial court cited the wrong statute—Mich. Comp. Laws § 780.131, instead of Mich. Comp. Laws § 780.133—when the court denied Plaintiff's request for dismissal. (*Id*.)

The trial court docket indicates that Plaintiff's counsel was permitted to withdraw just two days before Plaintiff filed the instant complaint; thus it does not appear that he is asking for this Court's assistance in firing old counsel or obtaining new counsel. Instead, it appears that Plaintiff is asking this Court to provide the "speedy trial" relief that the trial court would not. Plaintiff asks this Court to "decide on statutory law [to grant] my motion . . . [to] dismiss." (*Id*., PageID.4.)

Plaintiff submitted his allegations on the form complaint used for actions under 42 U.S.C. § 1983. The relief he seeks, however, dismissal of criminal charges based on a claim that the proceedings are unconstitutional, would typically be raised by way of a habeas corpus petition. The Court will consider Plaintiff's request for relief as he has raised it: as a civil rights action, apparently under 42 U.S.C. § 1983. But no matter how this Court characterizes Plaintiff's request, he is not entitled to relief.

4

## II.    Section 1983 claim

Plaintiff sues Muskegon County Circuit Court Judge William C. Marietti. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter[,]" and noting that only the latter deprives a judge of judicial immunity).

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that Judge Marietti's decision on Plaintiff's motions were judicial acts and that Judge Marietti was acting within his jurisdiction. Accordingly, Judge Marietti would be absolutely immune from liability for monetary damages. Plaintiff does not seek damages. Thus, judicial immunity from liability for monetary damages does not preclude Plaintiff's claim.

Instead of damages, Plaintiff seeks injunctive relief—an order from this Court compelling Judge Marietti to dismiss the criminal complaint. But injunctive relief is also not available under Section 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be

granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, any claim for injunctive relief would also be barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Plaintiff has failed to state a claim upon which the relief he seeks can be granted.

Although the Court will dismiss Plaintiff's complaint for failure to state a claim, the nature of the relief Plaintiff requests would also support dismissal under a different doctrine, the abstention doctrine identified in *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). The "speedy trial" issue is already before the trial court as part of Plaintiff's criminal prosecution. Plaintiff essentially asks this Court to step in and remedy the state trial court's "errors."

Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The three factors supporting *Younger* abstention are present in this case.

First, the alleged wrongs relate directly to a criminal case that is ongoing. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his challenges. "Abstention is appropriate 'unless state law *clearly bars* the interposition of the constitutional claims.'" *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's "speedy trial" claim in his criminal proceedings or subsequent appeals, if any.

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). The Sixth Circuit has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806–08 (3d ed. 1999)); *see also, e.g., McNatt*[ ], 37 F.3d 629 [ ] (holding that the bad faith/harassment exception to *Younger* "is extremely

narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). Plaintiff's allegations accuse Judge Marietti of legal error; but Plaintiff has not alleged repeated prosecutions where the officials have no hope of success or intention to follow through.

Because Plaintiff's allegations do not implicate any of the *Younger* exceptions, the *Younger* abstention doctrine would apply here. Consequently, so long as Plaintiff's criminal proceedings remained pending in state court, the Court would not review Judge Marietti's actions relating to the prosecution. Any claims seeking that relief would be properly dismissed without prejudice.

## III.    Claim for habeas relief

If Plaintiff sought relief by way of a habeas corpus petition, the same result would follow. Plaintiff is not a typical pretrial detainee. He is not in custody solely because of the ongoing criminal prosecution. Even if the criminal prosecution were dismissed immediately, Plaintiff would remain in custody for the rest of his life. Nonetheless, typically, where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

A claim for habeas relief under Section 2241 is not subject to all of the specific statutory requirements set forth in Section 2254. Thus, the Section 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a pretrial detainee may not simply seek relief in federal court under Section 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of*

*Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial Section 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). Petitioner's claims are based on denial of the right to a speedy trial.

Not every speedy trial claim, however, is properly raised by way of a pretrial habeas petition:

> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, . . . "(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280, 1283 (5th Cir. 1976)].

*Atkins*, 644 F.2d at 547. Thus, if Petitioner were asking this Court to order the Michigan Court to provide a prompt trial and if he had already exhausted his state court remedies, this Court could entertain the petition. Here, though, Petitioner is not seeking that relief. Instead, he is asking the Court to dismiss the charge. That relief is "not attainable by way of pretrial habeas corpus." *Id.* When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In Re*

9

*Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000). Therefore, if Plaintiff intended to pursue his "speedy trial" claim by way of a habeas petition, it would be properly dismissed as well.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

The Court considers this to be a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   September 22, 2022                         /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge